**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

**MICHELLE BAXTER,**

      **Plaintiff,**

vs.                                                                 No. 1:12-cv-00439-MV/LAM

**BANK OF AMERICA;**
**FIA CARD SERVICES; and**
**EQUIFAX INFORMATION SERVICES, LLC.**

      **Defendants.**

**STIPULATED PROTECTIVE ORDER**

      **IT IS HEREBY STIPULATED** by and between Plaintiff Michelle Baxter and Defendants Equifax Information Services, LLC, Bank of America, N.A., and FIA Card Services, N.A. (collectively, the "Parties"), through their respective attorneys of record, as follows:

      **WHEREAS**, documents and information have been and may be sought, produced or exhibited by and among the parties to this action relating to trade secrets, confidential research, development, technology or other proprietary information belonging to the defendant and/or personal income, credit, medical and other confidential information of Plaintiff.

      **THEREFORE**, an Order of this Court protecting such confidential information shall be and hereby is made by this Court on the following terms:

1. This Order shall govern the use, handling and disclosure of all documents, testimony or information produced or given in this action which are designated to be subject to this Order in accordance with the terms hereof.

2. Any party or non-party producing or filing documents or other materials in this action may designate such materials and the information contained therein subject to this Order by typing or stamping on the front of the document, or on the portion(s) of the document for which confidential treatment is designated, "Confidential."

3.  To the extent any motions, briefs, pleadings, deposition transcripts, or other papers to be filed with the Court incorporate documents or information subject to this Order, the party filing such papers shall designate such materials, or portions thereof, as "Confidential," and shall file them with the clerk under seal; provided, however, that a copy of such filing having the confidential information deleted therefrom may be made part of the public record.

4.  All documents, transcripts, or other materials subject to this Order ("Protected Material"), and all information derived therefrom (including, but not limited to, all testimony, deposition, or otherwise, that refers, reflects or otherwise discusses any information designated Confidential hereunder), shall not be used, directly or indirectly, by any person, for any business, commercial or competitive purposes or for any purpose whatsoever other than solely for the preparation and trial of this action in accordance with the provisions of this Order.  Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

5.  Except with the prior written consent of the individual or entity asserting confidential treatment, or pursuant to prior Order after notice, any document, transcript or pleading given confidential treatment under this Order, and any information contained in, or derived from any such materials (including but not limited to, all deposition testimony that refers, reflects or otherwise discusses any information designated confidential hereunder) may not be disclosed other than in accordance with this Order and may not be disclosed to any person other than:  (a) the Court and its officers; (b) parties to this litigation; (c) counsel for the parties, whether retained counsel or in-house counsel and employees of counsel assigned to assist such counsel in the preparation of this litigation; (d) fact witnesses subject to a Court order or a stipulation of the parties that such witnesses need to know such information; (e) present or former employees of the producing party in connection

with their depositions in this action (provided that no former employees shall be shown documents prepared after the date of his or her departure); and (f) experts specifically retained as consultants or expert witnesses in connection with this litigation.

6. Documents produced pursuant to this Order shall not be made available to any person designated in Subparagraph 5(f) unless he or she shall have first read this Order, agreed to be bound by its terms, and signed the Declaration of Compliance, which is attached hereto as Exhibit A.

7. If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed information designated as "Confidential" ("Protected Material") to any person or in any circumstance not authorized under this Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Declaration of Compliance" that is attached hereto as Exhibit A.

8. All persons receiving any or all documents produced pursuant to this Order shall be advised of their confidential nature. All persons to whom confidential information and/or documents are disclosed are hereby enjoined from disclosing same to any person except as provided herein, and are further enjoined from using same except in the preparation for and trial of the above-captioned action between the named parties thereto. No person receiving or reviewing such confidential documents, information or transcript shall disseminate or disclose them to any person other than those described above in Paragraph 5 and for the purposes specified, and in no event shall such person make any other use of such document or transcript.

9. Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in

writing or a court order otherwise directs. The provisions of this Stipulation and Order apply to all proceedings in this action, including all appeals, arbitrations and proceedings upon remand.

10. Nothing in this Order shall prevent a party from using at trial any information or materials designated "Confidential."

11. Plaintiff's Social Security number is hereby designated as "Confidential." The Parties shall redact Plaintiff's Social Security number, except for the last four digits, from any documents that the Parties file with the Court or introduce in any proceeding, unless such documents are filed with the clerk under seal in accordance with paragraph 3 above.

12. This Order has been agreed to by the parties to facilitate discovery and the production of relevant evidence in this action. Neither the entry of this Order, nor the designation of any information, document, or the like as "Confidential," nor the failure to make such designation, shall constitute evidence with respect to any issue in this action.

13. Within sixty (60) days after the final termination of this litigation, all documents, transcripts, or other materials afforded confidential treatment pursuant to this Order, including any extracts, summaries or compilations taken therefrom, but excluding any materials which in the good faith judgment of counsel are work product materials, shall be returned to the individual or entity having produced or furnished same. If either party elects to have its confidential information destroyed rather than returned, the other party shall send written verification that the documents have in fact been destroyed.

14. This Order does not compromise any Party's ability to challenge the designation of any document as confidential. There shall be no presumption of confidentiality. Further, a party's designation of any material or testimony as confidential shall in no way relieve the designating party of its burden to prove the confidential nature of the

material or testimony to the Court. However, the designated status of such information shall be preserved pending the disposition of the motion.

15. Should any party to whom Confidential Information is disclosed object to the designation of such materials as Confidential Information, that party shall notify the party making the designation, in writing, identifying the specific document, information and/or materials as to which it is asserting an objection, and further setting forth with particularity the reasons for the objection, and request that the party reclassify the document, information, or testimony.  Counsel for the complaining and designating parties then shall meet and confer in good faith concerning such disputed Confidential Information within seven (7) calendar days of receipt of the notice.  If the Parties cannot in good faith resolve the objections to the designation of any document as confidential, the party objecting to the designation of confidentiality shall file a motion challenging the designation of confidentiality. If any Party challenges any other Party's designation of any document as confidential, the Party that designated the document as confidential has the burden to show that the document is confidential and deserving of the protection of this order or any other protective order.

16. In the event of an inadvertent failure to designate information as "Confidential" at the time of production, the designating party shall, within 14 days of discovering the inadvertent failure, serve notice of the documents to be designated as confidential.

17. Within 10 days of the entry of this Order, any Party can designate a previously produced document as Confidential by providing all counsel with a list of the previously produced confidential documents.

18. Nothing herein shall affect or restrict the rights of any party with respect to its own documents or to the information obtained or developed independently of documents, transcripts and materials afforded confidential treatment pursuant to this Order.

19. This protective order shall remain binding after the conclusion of this litigation unless otherwise ordered by the Court, and the Court shall retain jurisdiction over all parties bound hereby for the purposes of this protective order.

**IT IS SO ORDERED.**

*Lourdes A. Martínez*

**LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**

Submittted by: *(Prior to modification by the Court)*

FEFERMAN & WARREN, Attorneys for Plaintiff

 */s/ Charles Parnall*
Charles Parnall
300 Central Ave. SW, Suite 2000 West
Albuquerque, NM 87102
(505) 243-7773
(505) 243-6663 (fax)

Approved:

WIGGINS, WILLIAMS & WIGGINS,
Attorneys for Defendant Equifax Information Services, LLC.

 *Approved via email on 10/12/12 by Lewis Perling*
Patricia Williams
P.O. Box 1308
Albuquerque, NM 87103-1308
(505) 764-8400
(505) 764-8585 (fax)

Lewis Perling
1King & Spalding
1180 Peachtree St.
Atlanta, GA 30309-3521
(404) 572-3079

KELEHER & MCLEOD, P.A.,
Attorneys for Defendants Bank of America, N.A. and FIA Card Services, N.A.

*Approved by telephone on 10/12/12 by Raymond Kim*
Arthur O. Beach
P.O. Box AA
Albuquerque, New Mexico 87103-1626
(505) 346-4646
(505) 346-1370 (fax)

Raymond Y. Kim (SBN 251210)
rkim@reedsmith.com
REED SMITH LLP
355 South Grand Avenue, Suite 2900
Los Angeles, California 90071
Telephone:     213.457.8000
Facsimile:     213.457.8080

**Exhibit A**

**DECLARATION OF COMPLIANCE**

I, _____, declare as follows:

1. My address is _____.

2. My present employer is _____.

3. My present occupation or job description is _____.

4 I have received a copy of the Stipulated Protective Order entered in this action on _____, 2012.

5. I have carefully read and understand the provisions of this Stipulated Protective Order.

6. I will comply with all provisions of this Stipulated Protective Order.

7. I will hold in confidence, and will not disclose to anyone not qualified under the Stipulated Protective Order, any information, documents or other materials produced subject to this Stipulated Protective Order.

8. I will use such information, documents or other materials produced subject to this Stipulated Protective Order only for purposes of this present action.

9. Upon termination of this action, or upon request, I will return and deliver all information, documents or other materials produced subject to this Stipulated Protective Order, and all documents or things which I have prepared relating thereto, which documents are the subject of the Stipulated Protective Order, to my counsel in this action, or to counsel for the party by whom I am employed or retained or from whom I received the documents.

10. I hereby submit to the jurisdiction of this Court for the purposes of enforcing the Stipulated Protective Order in this Action.

I declare under penalty of perjury under the laws of the United States that the following is true and correct.

Executed this _____ day of _____, 2012 at _____.

_____

QUALIFIED PERSON